TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552
     Facsimile: (213) 894-2927
     E-mail:    Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 20-00471-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | |
| DECKER HAYES RAMSAY, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Reema M. El-Amamy, hereby files its sentencing position for defendant Ramsay.

//

//

//

//

//

The government's position is based upon the attached statement, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 11, 2021           Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   CHRISTOPHER D. GRIGG
                                   Assistant United States Attorney
                                   Chief, National Security Division


                                   /s/ *Reema M. El-Amamy*
                                   REEMA M. EL-AMAMY
                                   Assistant United States Attorney

                                   Attorneys for Applicant
                                   UNITED STATES OF AMERICA

**GOVERNMENT'S POSITION**

On April 12, 2018, in Los Angeles County, in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, the United States Office of Personnel Management National Background Investigations Bureau, defendant Ramsay knowingly and willfully made a materially false, fictitious, and fraudulent statement on an Electronic Questionnaire for Investigations Processing.  See Presentence Report ("PSR") at ¶ 10. Defendant Ramsay represented that he had never been a member of an organization that advocates or practices commission of acts of force or violence to discourage others from exercising their rights under the United States Constitution or any state of the United States with the specific intent to further such action.  Id.  Defendant Ramsay then well knew that he had been a member of both Vanguard America and Aryan Underground, and he lied on the form in order to obtain a security clearance and maintain employment at Company #1, a cleared defense contractor.  Id.  Vanguard America is a group that opposes multiculturalism and believed in white separatism, which is the idea that white people should exist separately from all inferior, non-white races, whether by establishing an all-white community somewhere or removing nonwhites from their midst.  Id. at ¶ 9.  Aryan Underground is a group that was established in or around 2017, and the group upheld National Socialist or Nazism ideology, used the swastika, and focused on the principles laid out by Adolf Hitler and others.  Id.

The government agrees with the United States Probation Office ("USPO") that, pursuant to U.S.S.G. § 2B1.1, the Base Offense Level in this matter is 6.  See PSR at ¶ 17.  Defendant has a criminal

1  history category of I.  Id. at ¶ 31.  After acceptance of
2  responsibility, defendant's Total Offense Level is **4**, and his
3  sentencing guideline range is **0-6 months**.  Since the applicable
4  guideline range is in Zone A of the Sentencing Table, a condition
5  requiring a period of community confinement, home detention, or
6  intermittent confinement may be imposed.  Id. at ¶ 69.
7       While the government recognizes that defendant demonstrated very
8  early acceptance of responsibility in this matter, he nevertheless
9  engaged in very serious criminal conduct.  As such, the government
10 believes that a period of home detention should be imposed in
11 addition to a period of supervised release.  Therefore, the
12 government recommends that the defendant be sentenced to two months'
13 home detention, and be placed on supervised release for two years
14 with the terms and conditions recommended by the USPO.  The
15 government does recommend that defendant perform 100 hours of
16 community service as defendant suggested.  The government maintains
17 that the sentence takes into consideration the 18 U.S.C. § 3553(a)
18 factors, and is not greater than necessary to achieve those goals.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

It reflects the very serious nature of the offense, promotes respect for the law, provides just punishment for a serious offense, and affords adequate deterrence to defendant's conduct in a manner that a lower sentence would not.

Dated: February 11, 2021　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　TRACY L. WILKISON
　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　CHRISTOPHER D. GRIGG
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Chief, National Security Division


　　　　　　　　　　　　　　　　　　/s/ *Reema M. El-Amamy*
　　　　　　　　　　　　　　　　　　REEMA M. EL-AMAMY
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　Attorneys for Applicant
　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA